**GATESCO Q.M. LTD. d/b/a Quail Meadows Apartments, Appellant**

v.

**The CITY OF HOUSTON, Appellee**

**NO. 14-14-01017-CV**

Court of Appeals of Texas, Houston (14th Dist.).

Opinion filed October 20, 2016

608

Darah L. Eckert, Mary Stevenson, Houston, TX, for Appellee

Robert Gaines Gibson, Rosenberg, TX, Steven Doyle Poock, Sugarland, TX, for Appellant

Panel consists of Chief Justice Frost and Justices Boyce and Jamison.

**OPINION**

Kem Thompson Frost, Chief Justice

This case arises out of a dispute between the City of Houston and a water-service customer. The customer sought declaratory relief based on various purported constitutional violations that allegedly occurred when the City charged the customer a late fee, shut off the customer's water supply, and required the customer to post a deposit before restoring water service. The trial court granted summary judgment for the City and dismissed the customer's claims. We reverse and remand as to the customer's substantive-due-course-of-law claims under the Texas Constitution, request for injunctive relief, and request for attorney's fees. We affirm the remainder of the trial court's judgment.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Appellant/plaintiff Gatesco Q.M., Ltd. d/b/a Quail Meadows Apartments (hereinafter "Gatesco") owns an apartment complex known as the Quail Meadows Apartments (hereinafter the "Apartments") in Houston, Texas. The only available supplier of water for the Apartments is appellee/defendant The City of Houston. On November 28, 2006, Gatesco, a longtime water customer, paid its water bill to the City one day late. The City assessed a ten-percent late fee of $1,020.03 (the "Late Fee"). Gatesco did not want to pay the Late Fee and challenged it in an administrative proceeding. Though unsuccessful in this proceeding, Gatesco still did not pay the Late Fee. The City's records showed Gatesco as being delinquent for not paying the Late Fee.

To avoid having its water shut off, Gatesco filed this lawsuit and obtained a temporary restraining order preventing the City from shutting off the water. On February 5, 2007, the trial court denied Gatesco's request for temporary injunction, signing the order at 11:06 a.m. Within two hours—at 12:47 p.m.—Gatesco paid the Late Fee, although the City says Gatesco paid the fee at the wrong location. The City shut off the water to the Apartments at 1:04 p.m., 17 minutes after Gatesco paid the fee. The City turned the water back on later that same afternoon. But, because the water had been turned off, the City required a cash security deposit of $35,200,

an estimate of three months of water bills (the "Security Deposit"). The City later allowed the deposit requirement to be satisfied by posting a bond.

Gatesco challenged the security-deposit requirement in an administrative proceeding. After it was unsuccessful in this proceeding, Gatesco amended its lawsuit to add claims challenging the security-deposit requirement. The trial court dismissed Gatesco's claims based on governmental immunity, and this court affirmed in part and reversed and remanded in part. *See Gatesco, Q.M., Ltd. v. City of Houston*, 333 S.W.3d 338, 347 (Tex. App.–Houston [14th Dist.] 2010, no pet.). This court concluded that governmental immunity did not bar some of Gatesco's claims. *See id.* at 349–51.

On remand, the trial court granted the City's motion for a no-evidence and a traditional summary judgment. In this appeal, Gatesco challenges the trial court's summary judgment.

## II. Issues and Analysis

Gatesco asserts that there is a genuine issue of material fact as to its requests for declaratory relief regarding the following claims:

(1) the ordinance that allows the City to charge a ten-percent late fee allegedly is an excessive fine and so violates the prohibition against excessive fines contained in article I, section 13 of the Texas Constitution;

(2) the late-fee ordinance, on its face and as applied, is an unauthorized tax that violates article XI, section 5 of the Texas Constitution;

(3) the City's levying of the ten-percent late fee against Gatesco violated the substantive-due-process protections of the Due Process Clause of the Fourteenth Amendment to the United States Constitution;

(4) the City's shutting off of the water, requiring a security deposit, and failing to conduct a required credit recheck violated the substantive-due-process protections of the Due Process Clause of the Fourteenth Amendment to the United States Constitution;

(5) the City's levying of the ten-percent late fee against Gatesco violated the substantive-due-course-of-law protections of article I, section 19 of the Texas Constitution;[1]

(6) the City's shutting off of the water, requiring a security deposit, and failing to conduct a required credit recheck violated the substantive-due-course-of-law protections of article I, section 19 of the Texas Constitution;

(7) the City's levying of the ten-percent late fee against Gatesco violated the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution and the equal-protection provision contained in article I, section 3 of the Texas Constitution;

(8) the City's shutting off of the water and requiring the Security Deposit violated the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution and the equal-protection provision contained in article I, section 3 of the Texas Constitution.

 In a traditional motion for summary judgment, if the movant's motion and

---

1. Though some cases refer to these protections as "substantative due process," the Supreme Court of Texas used the term "substantive due course of law" in its most recent opinion on this issue, and this term is more faithful to the text of article I, section 19 of the Texas Constitution. *See Patel v. Texas Dep't of Licensing and Regulation*, 469 S.W.3d 69, 80 (Tex. 2015). Therefore, we use the term "substantive due course of law" in this opinion.

summary-judgment evidence facially establish its right to judgment as a matter of law, the burden shifts to the nonmovant to raise a genuine, material fact issue sufficient to defeat summary judgment. *M.D. Anderson Hosp. & Tumor Inst. v. Willrich*, 28 S.W.3d 22, 23 (Tex. 2000). In reviewing a no-evidence summary judgment, we ascertain whether the nonmovant pointed out summary-judgment evidence raising a genuine issue of fact as to the essential elements attacked in the no-evidence motion. *Johnson v. Brewer & Pritchard, P.C.*, 73 S.W.3d 193, 206–08 (Tex. 2002). In our de novo review of a trial court's summary judgment, we consider all the evidence in the light most favorable to the nonmovant, crediting evidence favorable to the nonmovant if reasonable jurors could, and disregarding contrary evidence unless reasonable jurors could not. *Mack Trucks, Inc. v. Tamez*, 206 S.W.3d 572, 582 (Tex. 2006). The evidence raises a genuine issue of fact if reasonable and fair-minded jurors could differ in their conclusions in light of all of the summary-judgment evidence. *Goodyear Tire & Rubber Co. v. Mayes*, 236 S.W.3d 754, 755 (Tex. 2007). When, as in this case, the order granting summary judgment does not specify the grounds upon which the trial court relied, we must affirm the summary judgment if any of the independent summary-judgment grounds is meritorious. *FM Props. Operating Co. v. City of Austin*, 22 S.W.3d 868, 872 (Tex. 2000).

**A. Is there a genuine fact issue as to whether the Late Fee is an excessive fine that violates article I, section 13 of the Texas Constitution?**

■ In 2006, section 47-69 of the City of Houston Code of Ordinances required the City to charge Gatesco a ten-percent late fee because the City did not receive payment in full by the November 27, 2006 due date (the "Due Date") and Gatesco had not requested an administrative hearing to challenge the correctness of the bill:

> All potable water bills shall be payable in full based upon the rates and schedules provided in this division, on or before the due date stated on the customer's bill, unless the customer notifies the department in writing that he or she desires to challenge the correctness of the bill in an administrative hearing as described in section 47-70. If payment in full is not received by the department or an authorized agent by the due date and the customer has not requested an administrative hearing, the department shall bill such customer ten percent of the past due amount as a charge for late payment.[2]

Houston, Texas, Code of Ordinances ch. 47, art. II, div. 1, § 47-69 (2006) (hereinafter "Section 47-69").

In the trial court, Gatesco sought a declaratory judgment that the Late Fee the City charged Gatesco is an excessive fine under article I, section 13 of the Texas Constitution. On appeal, Gatesco argues that there is a fact issue as to whether the Late Fee is an excessive fine.

■ Article I, section 13 provides that excessive fines shall not be imposed. Tex. Const. art. I, § 13 (West, Westlaw through 2015 R.S.). "Fines," as used in article I, section 13, includes civil penalties. *Pennington v. Singleton*, 606 S.W.2d 682, 690 (Tex. 1980). Whether this constitutional provision has been violated is a question for the court to decide under the facts of each particular case. *Id.* Generally, prescribing fines is a matter within the City's

**2.** Section 47-69 provides for several exceptions in which the City will not charge a late fee; none of the exceptions apply in this case.

discretion. *See id.* A fine is not unconstitutionally excessive such that the courts will override the City's discretion, " 'except in extraordinary cases, where it becomes so manifestly violative of the constitutional inhibition as to shock the sense of mankind.' " *Id.* (quoting *State v. Laredo Ice Co.*, 96 Tex. 461, 73 S.W. 951, 953 (1903)). The City has "a wide latitude of discretion" in the matter of imposing fines, and a fine is unconstitutionally excessive only where the penalty prescribed is so severe and so oppressive as to be wholly disproportionate to the offense and obviously unreasonable. *See id.* A primary consideration in determining whether a fine is excessive is whether it is fixed with reference to the object it is to accomplish. *Id.* Large penalties for anticompetitive business practices and usurious interest rates have been upheld by Texas courts when considered in light of the abuse the penalties were designed to cure. *Id.*

Gatesco argues that the trial court erred in concluding as a matter of law that the Late Fee was not an excessive fine under this legal standard. Gatesco asserts that it paid its water bill one day late at a time when the City had made no collection efforts and incurred no collection costs. Gatesco argues that the Late Fee is exorbitant, in excess of one thousand dollars, and disproportionate to Gatesco's conduct in paying the bill one day late because the City incurred no collection costs. Gatesco contends there is at least a fact issue as to whether the Late Fee was an unconstitutionally excessive fine.

The City asserts that Section 47-69 applies a bright-line, ten-percent late charge to all people paying late, subject to a few exceptions. The charge is proportional to the unpaid amount owed and is thus proportional to the amount of water and sewer services consumed. The City argues that the charge is fixed with reference to

its object of encouraging timely payments and deterring delinquent payments of bills for City water and sewer services, thus lowering the risk that the City will lose money through the non-payment of these bills. The City points out that it had provided Gatesco with water and sewer services valued at more than $10,000 and had not been paid on time. Presuming a usage of $10,000 per thirty-day period, Gatesco was using $333 worth of services per day. The City asserts that it risked substantial losses if Gatesco failed to pay its bill and failed to pay for the approximately $333 in services it was using each day. The City contends that a flat late fee, as opposed to a proportional late fee, might create an incentive for large-volume users like Gatesco to pay their bills late because they only would have to pay a late fee that is relatively small compared to the amount of services they are using.

Gatesco does not cite to any cases in which a court has held that a late fee operated as an unconstitutionally excessive fine. In support of its claim that the Late Fee is unconstitutionally excessive and shocks the conscience, Gatesco argues that if Texas usury statutes applied to the Late Fee, the charge would be usurious and well in excess of the amounts allowed in section 303.009(b) and subsections (a) and (e) of section 342.201 of the Texas Labor Code. *See* Tex. Lab. Code Ann. §§ 303.009(b), 342.201(a), (e) (West, Westlaw through 2015 R.S.). The legal standard for determining whether a usury violation has occurred differs significantly from the legal standard for determining whether a charge amounts to an excessive fine under article I, section 13 of the Texas Constitution. *See* Tex. Lab. Code Ann. §§ 303.009(b), 342.201(a), (e); *Pennington*, 606 S.W.2d at 690. In addition, to the extent Gatesco argues that a charge that violates the usury statutes is excessive and shocks the conscience, the usury statutes

do not apply to the Late Fee, and thus the Late Fee does not violate the usury statutes. *See Starr v. Dart*, No. 14-07-00673-CV, 2008 WL 2841685, at *1-4 (Tex. App.–Houston [14th Dist.] July 24, 2008, pet. denied) (holding agreement to pay $1,000 per day late fee was not usurious because usury statutes did not apply to the agreement) (mem. op.); *Cantu v. AT & T Broadband*, No. 04-05-00355-CV, 2006 WL 332622, at *1-2 (Tex. App.–San Antonio Feb. 15, 2006, no pet.) (holding that late fees charged by provider of cable-television services were not usurious because usury statutes did not apply to these fees) (mem. op.).

The City has discretion to prescribe fees to be assessed for late payment for the City's water and sewer services with the object of incentivizing timely payment for these services. *See Pennington*, 606 S.W.2d at 690. In enacting Section 47-69, the City set this late fee at ten percent of the past-due amount. Because the amounts charged are based on the usage of the City's services, this late fee is proportional to the amount of services for which the City did not receive timely payment. For a fine to be unconstitutionally excessive, there must be extraordinary circumstances. *See id.* Under the applicable standard of review, the summary-judgment evidence does not raise a genuine fact issue as to whether (1) the City did not fix the Late Fee with reference to the object the Late Fee is to accomplish; (2) the Late Fee is so manifestly violative of the constitutional prohibition against excessive fines as to shock the "sense of mankind" or as to shock the conscience; or (3) the penalty

prescribed by the Late Fee is so severe and so oppressive as to be wholly disproportionate to the offense and obviously unreasonable. *See id.* at 690-91 (holding that treble-damage provision of the Deceptive Trade Practices-Consumer Protection Act did not impose an excessive fine). We conclude that the summary-judgment evidence does not raise a genuine fact issue as to whether the Late Fee is an excessive fine that violates article I, section 13 of the Texas Constitution. *See id.* Thus, the trial court did not err in granting summary judgment as to Gatesco's request for a declaratory judgment that the Late Fee is an excessive fine under this provision of the Texas Constitution. *See id.*

**B. Is there a genuine fact issue as to whether the late fees imposed by Section 47-69 or the Late Fee charged in today's case is an unlawful tax that violates the Texas Constitution?**

In the trial court, Gatesco sought declarations that (1) Section 47-69 is an invalid, unauthorized, and unconstitutional tax; (2) the City's implementation of Section 47-69 results in the imposition of an invalid, unauthorized, and unconstitutional tax; and (3) the Late Fee bears no reasonable relationship to any costs the City incurred, and is a general means of raising revenue and an illegal tax. On appeal, Gatesco asserts that there is a fact issue as to whether the Late Fee bears a reasonable relationship to the costs incurred by the City in assessing and collecting Gatesco's overdue bill and as to whether the Late Fee is an unconstitutional tax levied to raise general revenue in violation of article XI, section 5 of the Texas Constitution.[3]

---

3. This part of the Texas Constitution provides in pertinent part as follows:

Cities having more than five thousand (5000) inhabitants may, by a majority vote of the qualified voters of said city, at an election held for that purpose, adopt or

amend their charters. If the number of inhabitants of cities that have adopted or amended their charters under this section is reduced to five thousand (5000) or fewer, the cities still may amend their charters by a majority vote of the qualified voters of

To determine whether the late fee imposed under Section 47-69 in general or the Late Fee imposed on Gatesco in particular is a regulatory charge or a tax, we apply the "primary purpose" test. *See Lowenberg v. City of Dallas*, 261 S.W.3d 54, 57–58 (Tex. 2008); *Tex. Boll Weevil Eradication Found., Inc. v. Lewellen*, 952 S.W.2d 454, 461 (Tex. 1997). Under this test, if, based upon a consideration of the fee-imposing statute as a whole, the primary purpose of the fee is the raising of revenue, then the fee is a tax, regardless of the name given to the fee. *See Lowenberg*, 261 S.W.3d at 57; *Tex. Boll Weevil Eradication Found., Inc.*, 952 S.W.2d at 461. On the other hand, if the primary purpose of the fee appears to be that of regulation, then the fee levied is a regulatory charge rather than a tax. *See Lowenberg*, 261 S.W.3d at 57–58; *Tex. Boll Weevil Eradication Found., Inc.*, 952 S.W.2d at 461. Because money is fungible, this determination is not controlled by whether the fees go into a special fund or into a general revenue fund. *See Tex. Boll Weevil Eradication Found., Inc.*, 952 S.W.2d at 461. Of course, almost all fees are intended to raise revenue. *Id.* The critical issue is whether the fee is intended to raise revenue in excess of that reasonably needed for regulation. *Id.*

In its summary-judgment motion the City asserted that there is no evidence that the aggregate costs of delinquency do not exceed the amount collected in late fees under Section 47-69. The City also asserted that there is no evidence that the primary purpose of the late fees is to raise revenue rather than to regulate. On appeal, Gatesco asserts there is a fact issue as to whether the Late Fee bears a reasonable relationship to the costs incurred by the City in assessing and collecting Gatesco's overdue bill. Gatesco argues that the evidence shows it paid its bill a few hours after payment was due and that the City took little or no action and incurred no costs that would justify charging the amount of the Late Fee. Gatesco asserts that this evidence raises a genuine fact issue as to whether the amount of the Late Fee corresponds to any regulatory or collections costs incurred by the City. Gatesco's argument runs contrary to the applicable legal standard.

Whether Gatesco challenges the City's enactment of late fees under Section 47-69 generally or challenges the application of this statute to Gatesco through the assessing of the Late Fee, the analysis is under the same primary-purpose test explained above. *See Tex. Boll Weevil Eradication Found., Inc.*, 952 S.W.2d at 460–63 (looking at aggregate amounts in determining whether statute, as applied to plaintiffs, imposed a tax); *Humana Ins.*

---

said city at an election held for that purpose. The adoption or amendment of charters is subject to such limitations as may be prescribed by the Legislature, and no charter or any ordinance passed under said charter shall contain any provision inconsistent with the Constitution of the State, or of the general laws enacted by the Legislature of this State. Said cities may levy, assess and collect such taxes as may be authorized by law or by their charters; but no tax for any purpose shall ever be lawful for any one year, which shall exceed two and one-half per cent of the taxable property of such city, and no debt shall ever be created by any city, unless at the same time provision be made to assess and collect annually a sufficient sum to pay the interest thereon and creating [sic] a sinking fund of at least two per cent thereon, except as provided by Subsection (b). Furthermore, no city charter shall be altered, amended or repealed oftener than every two years. Tex. Const. art. XI, § 5(a) (West, Westlaw through 2015 R.S.). Gatesco asserts that the alleged tax violated this provision because the alleged tax was not expressly authorized by law. In this part of the opinion, we address only whether the City imposed a tax.

*Co. v. Texas Health Ins. Risk Pool*, 257 S.W.3d 402, 409–11 (Tex. App.–Corpus Christi 2008, no pet.) (same as *Tex. Boll Weevil Eradication Found.*). Under this test, we do not examine the specific regulatory costs incurred by the City as to this one delinquent payment by Gatesco; instead, we look at whether the aggregate late fees collected under Section 47-69 exceed the amount reasonably needed for regulation, and we examine the statute as a whole to determine whether the late fees imposed under the statute are intended to raise revenue in excess of that reasonably needed for regulation. *See Tex. Boll Weevil Eradication Found., Inc.*, 952 S.W.2d at 461; *Humana Ins. Co.*, 257 S.W.3d at 409–11. Therefore, even presuming that the record contained evidence raising a fact issue as to whether the Late Fee collected from Gatesco failed to correspond to any regulatory or collections costs incurred by the City as to this bill, this fact issue would not be material to the issue of whether the Late Fee was a tax. *See Tex. Boll Weevil Eradication Found., Inc.*, 952 S.W.2d at 461; *Humana Ins. Co.*, 257 S.W.3d at 409–11.

Gatesco asserts that there is a conflict between the City's admission, in response to a request for admission, that the City incurred no collection costs before charging the Late Fee and testimony by the City's expert that the City's costs incurred for collection activities exceed the amount of late fees collected by the City. The admission and the expert testimony do not conflict. The admission addresses the specific issue of whether the City incurred any collection costs before charging Gatesco the Late Fee. The testimony of the City's expert does not address this issue. Furthermore, as noted above, even if the City judicially admitted that it had no collection costs based on Gatesco's late payment of

one bill in November 2006, this admission would not be material to the issue of whether the Late Fee amounted to a tax. *See Tex. Boll Weevil Eradication Found., Inc.*, 952 S.W.2d at 461; *Humana Ins. Co.*, 257 S.W.3d at 409–11.

Gatesco also argues that the City deposited the Late Fee in its general account, which the City uses for general services. Under Supreme Court of Texas precedent, this fact is not material to the issue of whether the Late Fee amounted to a tax. *See Tex. Boll Weevil Eradication Found., Inc.*, 952 S.W.2d at 461.

On appeal, Gatesco does not argue that the summary-judgment evidence raises a genuine fact issue as to whether the aggregate amount collected in late fees under Section 47-69 exceeds the aggregate costs of the delinquent payment of bills for the City's water and sewer services. In support of a traditional summary-judgment ground, the City submitted expert testimony in an attempt to conclusively prove that the aggregate costs of the delinquent payment of bills for the City's water and sewer services are less than the amount collected in late fees under Section 47-69. Even presuming that the summary-judgment evidence does not conclusively prove this proposition, the City's evidence does not raise a fact issue as to the contrary proposition, and under the applicable standard of review, the summary-judgment evidence does not raise a genuine fact issue as to whether the aggregate costs of delinquency do not exceed the amount collected in late fees under Section 47-69. *See Tex. Boll Weevil Eradication Found., Inc.*, 952 S.W.2d at 461; *Humana Ins. Co.*, 257 S.W.3d at 409–11. The trial court did not err in granting a no-evidence summary judgment as to Gatesco's requests for declaratory relief regarding Gatesco's uncon-

stitutional-tax claims.[4] *See Tex. Boll Weevil Eradication Found., Inc.*, 952 S.W.2d at 461; *Humana Ins. Co.*, 257 S.W.3d at 409–11.

**C. Is there a genuine fact issue as to whether the City's charging of the Late Fee, shutting off of the water, requiring a security deposit, and failing to conduct a required credit recheck violated the substantive-due-process protections of the United States Constitution?**

 In the trial court, Gatesco sought declaratory relief regarding the City's alleged violations of the substantive-due-process protections of the Due Process Clause of the Fourteenth Amendment to the United States Constitution ("Substantive Due Process") based on the following conduct: (1) charging Gatesco the Late Fee even though the City had not incurred any corresponding costs, (2) shutting off the water for part of the day on February 5, 2007, even though Gatesco had paid the Late Fee and was not in default on any outstanding bill, (3) failing to conduct a credit recheck required by a City ordinance,[5] and (4) requiring Gatesco to post the Security Deposit (collectively the "Challenged Conduct"). The City moved for summary judgment against Gatesco's substantive-due-process claims by asserting there is no evidence that any component of the Challenged Conduct was not rationally related to a legitimate governmental interest. According to the City, each component of the Challenged Conduct was rationally related to the City's interest in protecting itself against the risk of financial loss due to nonpayment.

 Substantive Due Process applies to government actions as well as to statutes enacted by a governmental entity. *See City of San Antonio v. TPLP Office Park Props.*, 218 S.W.3d 60, 65 (Tex. 2007) (per curiam). We presume that the City acted in a constitutional manner. *See Montrose Management Dist. v. 1620 Hawthorne, Ltd.*, 435 S.W.3d 393, 408–09 (Tex. App.–Houston [14th Dist.] 2014, pet. denied). Gatesco has the burden of proving that the City's actions violated Substantive Due Process. *See id.* The City violates Substantive Due Process if it exercises its power in an arbitrary and unreasonable way. *See TPLP Office Park Props.*, 218 S.W.3d at 64–65; *Montrose Management Dist.*, 435 S.W.3d at 409. When, as in this case, neither a suspect classification nor a fundamental right is involved, we review the City's actions under the deferential "rational basis" test to determine if the actions were arbitrary and unreasonable and thus violative of Substantive Due Process. *See TPLP Office Park Props.*, 218

4. Gatesco cites the Supreme Court of Texas's holding in *Lowenberg* that the city ordinance in question imposed a tax. *See Lowenberg*, 261 S.W.3d at 58. But, the *Lowenberg* case involved materially different facts: the City of Dallas conceded that the commercial-building, fire-registration fee imposed by the city's ordinance was intended to go beyond offsetting the costs of collecting fire-safety information on commercial buildings and also was intended to raise enough revenue to pay for all costs of fire prevention in commercial buildings, shifting that burden off of the taxpayers. *See id.* Gatesco also cites obiter dicta from a decades-old case in which the Galveston Court of Civil Appeals gave additional reasons in support of its judgment that the municipal ordinance was invalid and unenforceable. *See Houston Lighting and Power Co. v. Fleming*, 128 S.W.2d 487, 491–92, 493 (Tex. Civ. App.–Galveston 1939), *rev'd*, 135 Tex. 463, 138 S.W.2d 520 (1940). Though the Supreme Court of Texas did not mention the alternative illegal-tax-statute argument in its analysis, the high court reversed the court of civil appeals's judgment and rendered judgment affirming the trial court's judgment. *See Fleming v. Houston Lighting and Power Co.*, 135 Tex. 463, 138 S.W.2d 520, 520–23 (1940).

5. *See* Houston, Texas, Code of Ordinances ch. 47, art. II, div. 1, § 47-68(d) (2006).

S.W.3d at 65; *Montrose Management Dist.*, 435 S.W.3d at 409. Under this test, Gatesco must show that it is not at least "fairly debatable" that the City's conduct action was rationally related to a legitimate governmental interest. *See TPLP Office Park Props.*, 218 S.W.3d at 65; *Montrose Management Dist.*, 435 S.W.3d at 409. The City asserts that each component of the Challenged Conduct was rationally related to the City's legitimate interest in protecting itself against the risk of financial loss due to nonpayment. On appeal, Gatesco states, and we agree, that the City has an interest in the prompt payment of water bills and that the City may undertake lawful actions that are rationally related to protecting its interests in collecting payment for its water services.

For the purposes of our analysis, we presume for the sake of argument that the City engaged in all of the Challenged Conduct. Under the applicable standard of review, the summary-judgment evidence does not raise a genuine fact issue as to whether it is not at least fairly debatable that each component of the Challenged Conduct was rationally related to a legitimate governmental interest. *See TPLP Office Park Props.*, 218 S.W.3d at 64–66; *Montrose Management Dist.*, 435 S.W.3d at 408–10. Gatesco has not raised a genuine fact issue negating any rational basis for any component of the Challenged Conduct. *See TPLP Office Park Props.*, 218 S.W.3d at 64–66; *Montrose Management Dist.*, 435 S.W.3d at 408–10. Thus, we conclude the trial court did not err in granting a no-evidence summary judgment as to Gatesco's requests for declaratory relief regarding the alleged violations of Substantive Due Process. *See TPLP Office Park Props.*, 218 S.W.3d at 64–66; *Montrose Management Dist.*, 435 S.W.3d at 408–10.

**D. Did the City assert a valid summary-judgment ground against Gatesco's requests for declaratory relief regarding alleged violations of substantive due course of law under the Texas Constitution?**

 In the trial court, Gatesco sought declaratory relief regarding its assertions that Section 47-69 and the City's actions in engaging in the Challenged Conduct violated the substantive-due-course-of-law protections of article I, section 19 of the Texas Constitution ("Substantive Due Course of Law"). *See* Tex. Const. art. I, § 19. The City asserted a single summary-judgment ground against these claims—that there is no evidence the Challenged Conduct was not rationally related to a legitimate governmental interest. After Gatesco perfected its appeal in this case, the Supreme Court of Texas issued its opinion in *Patel v. Texas Dep't of Licensing and Regulation. See* 469 S.W.3d 69 (Tex. 2015). The high court held that the proponent of an as-applied challenge to an economic-regulation statute under article I, section 19's substantive-due-course-of-law protections must demonstrate that either (1) the statute's purpose could not arguably be rationally related to a legitimate governmental interest; or (2) when considered as a whole, the statute's actual, real-world effect as applied to the challenging party could not arguably be rationally related to, or is so burdensome as to be oppressive in light of, the governmental interest. *See id.* at 87. The *Patel* court emphasized that this standard includes the presumption of constitutionality and places a high burden on parties claiming a statute violates Substantive Due Course of Law. *See id.* In reaching its holding, the *Patel* court noted that Texas courts had not been entirely consistent in articulating the legal standard applied when a party asserts that economic legislation violates Substantive Due

Course of Law. *See id.* at 87. We conclude that the *Patel* legal standard applies to Gatesco's assertions that Section 47-69 and the Challenged Conduct violated Substantive Due Course of Law. *See id.* at 87; *TPLP Office Park Props.*, 218 S.W.3d at 65 (noting that Substantive Due Process applies to government actions as well as to statutes enacted by a governmental entity).

■■■ A decision of the Supreme Court of Texas operates retroactively unless the high court exercises its discretion to modify the decision's application. *Bowen v. Aetna Cas. & Sur. Co.*, 837 S.W.2d 99, 100 (Tex. 1992) (per curiam). There is nothing in the *Patel* opinion indicating the Supreme Court of Texas exercised its discretion so that the *Patel* decision would not apply retroactively. *See Patel*, 469 S.W.3d at 80–92. Therefore, we conclude that *Patel* applies retroactively. *See Bowen*, 837 S.W.2d at 100; *Diamond Offshore (Bermuda), Ltd. v. Haaksman*, 355 S.W.3d 842, 846, n.4 (Tex. App.–Houston [14th Dist.] 2011, pet. denied).

To state a no-evidence ground, the movant must assert clearly that there is no evidence of one or more essential elements of a claim or defense on which the adverse party would have the burden of proof at trial. *See* Tex. R. Civ. P. 166a(i); *Lamell v. OneWest Bank, FSB, L.P.*, 485 S.W.3d 53, 58 (Tex. App.–Houston [14th Dist.] 2015, pet. denied). Though perhaps not surprising, because the *Patel* court had not yet clarified the law, in the City's purported no-evidence ground the City did not assert that there is no evidence of an essential element of Gatesco's claims for violation of Substantive Due Course of Law. *See Patel*, 469 S.W.3d at 87; *Lamell*, 485 S.W.3d at 58–59. The City asserted only that there is

no evidence the Challenged Conduct was not rationally related to a legitimate governmental interest. But, under the *Patel* legal standard, this ground does not challenge an essential element. *See Patel*, 469 S.W.3d at 87 (stating test under which, even if there is a rational relationship to a legitimate governmental interest, the statute or conduct still may violate Substantive Due Course of Law if the real-world effect as applied to the challenging party is so burdensome as to be oppressive in light of the governmental interest). Thus, under *Patel*, the City's only summary-judgment ground does not state a valid no-evidence ground. *See Patel*, 469 S.W.3d at 87; *Lamell*, 485 S.W.3d at 58–59. The City did not assert a traditional summary-judgment ground against Gatesco's requests for declaratory relief regarding alleged violations of Substantive Due Course of Law. Because the City's only summary-judgment ground against these claims is not a proper basis for the trial court's summary judgment, we reverse the trial court's judgment as to these claims and remand the claims to the trial court for further proceedings.[6]

**E. Is there a genuine fact issue as to whether the City's charging of the Late Fee, shutting off of the water, and requiring a security deposit violated the equal-protection provisions of the United States Constitution and the Texas Constitution?**

■■■ In the trial court, Gatesco sought declaratory relief regarding the City's alleged violations of both the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution and article I, section 3 of the Texas Constitution based on the following conduct: (1) charg-

---

6. As to these claims, we address the propriety of summary judgment only as to this ground and not as to any other ground.

ing Gatesco the Late Fee, (2) shutting off the water for part of the day on February 5, 2007, and (3) requiring Gatesco to post the Security Deposit. The City moved for summary judgment against Gatesco's equal-protection claims by asserting there is no evidence that Gatesco was treated any differently than others similarly situated as to the charging of the Late Fee, the shutting off of the water, or the requirement that Gatesco post the Security Deposit.

■ The legal standard for the equal-protection analysis under article I, section 3 of the Texas Constitution is the same as the legal standard for the analysis under the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution. *See Bell v. Low Income Women of Texas*, 95 S.W.3d 253, 266 (Tex. 2002). Gatesco bears the burden of showing that it has been treated differently from others similarly situated. *See Klumb v. Houston Municipal Employees Pension Sys.*, 458 S.W.3d 1, 13 (Tex. 2015). Because neither a suspect classification nor a fundamental right is involved in this case, Gatesco must further demonstrate that the challenged treatment was not rationally related to a legitimate governmental purpose. *See id.* In addition to ordinary equal-protection violations, Gatesco alleges "class of one" equal-protection violations. As to these allegations, Gatesco has the burden of proving that Gatesco has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment. *See Village of Willowbrook v. Olech*, 528 U.S. 562, 564, 120 S.Ct. 1073, 1074, 145 L.Ed.2d 1060 (2000). Thus, as to each type of equal-protection violation alleged, Gatesco had the burden of proving that it has been treated differently from others similarly situated. *See id.*; *Klumb*, 458 S.W.3d at 13.

The summary-judgment evidence does not address how the City treated similarly situated customers. Under the applicable standard of review, the summary-judgment evidence does not raise a genuine fact issue as to whether Gatesco has been treated differently from others similarly situated. *See Sanders v. Palunsky*, 36 S.W.3d 222, 225 (Tex. App.–Houston [14th Dist.] 2001, no pet.). The trial court did not err in granting a no-evidence summary judgment as to Gatesco's requests for declaratory relief regarding its equal-protection claims. *See Village of Willowbrook*, 528 U.S. at 564, 120 S.Ct. at 1074; *Klumb*, 458 S.W.3d at 13; *Sanders*, 36 S.W.3d at 225.

**F. Did the trial court err in granting summary judgment as to Gatesco's request for attorney's fees and costs and its request for injunctive relief?**

■ In the trial court, Gatesco requested attorney's fees and costs under Texas Civil Practice and Remedies Code section 37.009 as well as injunctive relief. *See* Tex. Civ. Prac. & Rem. Code Ann. § 37.009 (West, Westlaw through 2015 R.S.). The only summary-judgment ground the City asserted against the request for injunctive relief was that Gatesco cannot recover on its claims and therefore is not entitled to injunctive relief. The only summary-judgment ground the City asserted against the request for attorney's fees and costs under section 37.009 was that Gatesco cannot recover on its declaratory-judgment claims and therefore is not entitled to attorney's fees or costs under section 37.009.

■ An award of attorney's fees or costs to a party under section 37.009 is not dependent on the party having substantially prevailed on its claims. *See Barshop v. Medina*, 925 S.W.2d 618, 637–38 (Tex. 1996). In any event, as discussed above,

the City's summary-judgment motion and the summary-judgment evidence did not entitle the City to judgment as a matter of law as to Gatesco's requests for declaratory relief regarding alleged violations of Substantive Due Course of Law. Therefore, the City did not show that Gatesco cannot recover on any of its claims or that Gatesco cannot recover on any of its declaratory-judgment claims. The City's summary-judgment grounds attacked all of Gatesco's claims; therefore, we may affirm the trial court's summary judgment based only on a ground expressly stated in the summary-judgment motion. *See Allstate Cnty. Mut. Ins. Co. v. Wootton,* 494 S.W.3d 825, 836 & n.9 (Tex. App.–Houston [14th Dist.] 2016, pet. filed). Because the only ground the City asserted as to these requests did not entitle the City to summary judgment, the trial court erred in granting summary judgment as to the request for injunctive relief and as to the request for attorney's fees and costs under Texas Civil Practice and Remedies Code section 37.009. *See id.*

### III. CONCLUSION

Under the applicable standard of review the City was entitled to summary judgment as to: (1) Gatesco's request for a declaratory judgment that the Late Fee is an excessive fine under article I, section 13 of the Texas Constitution, (2) Gatesco's requests for declaratory relief regarding its unconstitutional-tax claims based upon article XI, section 5 of the Texas Constitution, (3) Gatesco's requests for declaratory relief regarding alleged violations of Substantive Due Process, and (4) Gatesco's requests for declaratory relief regarding its equal-protection claims. Under the Supreme Court of Texas's *Patel* opinion, which applies retroactively to this case, the trial court erred in granting summary judgment as to Gatesco's requests for declaratory relief regarding alleged viola-

tions of Substantive Due Course of Law. The trial court also erred in granting summary judgment as to the request for injunctive relief and as to the request for attorney's fees and costs under Texas Civil Practice and Remedies Code section 37.009. Accordingly, we reverse the trial court's summary judgment as to Gatesco's requests for declaratory relief regarding alleged violations of Substantive Due Course of Law, Gatesco's request for injunctive relief, and Gatesco's request for attorney's fees and costs under section 37.009 and remand for further proceedings. We affirm the remainder of the judgment.