Kem Thompson Frost, Chief Justice
The appellant raises jurisdictional and constitutional challenges to the adverse judgment rendered against her by the county court at law in this forcible-detainer action. She asserts the justice court and the county court at law lacked jurisdiction over the action. Additionally, the appellant, who suffered foreclosure of her home and is challenging the validity of the foreclosure in other litigation, asserts various constitutional challenges to Texas's statutory scheme for forcible-detainer actions. She argues the statutory scheme violates her due process rights because the justice court can resolve the forcible-detainer action and she can lose the right to possession before resolution of her separate lawsuit challenging the validity of the foreclosure. We conclude that the lower courts had jurisdiction over the forcible-detainer action and that appellant has not met her burden to show a violation of due process.
I. FACTUAL AND PROCEDURAL BACKGROUND
Appellant/defendant Maria DeJesus Reynoso purchased property at 6610 Bellaire Gardens in Houston, Texas ("Property") in 2001, and signed a deed of trust creating a lien on the Property in connection with the transaction. Fourteen years *336 later, the current holder of the deed-of-trust lien, Wells Fargo Bank, N.A. noticed a non-judicial foreclosure of the lien, and the substitute trustee conducted a foreclosure sale in November 2015. The substitute trustee signed a Substitute Trustee's Deed purporting to convey the Property to appellee/plaintiff Dibs US, Inc., the highest bidder at the foreclosure sale.
The substitute trustee conducted the foreclosure sale under a deed of trust ("Deed of Trust") that included a clause expressly stating that in the event of a foreclosure sale, (1) Reynoso's right to occupy the Property ceases upon the sale of the Property, and (2) Reynoso has no right to occupy the Property without the written consent of the Property's new owner (the "Clause").
Dibs sent Reynoso a notice to vacate in January 2016. When Reynoso did not vacate the Property, Dibs filed a forcible-detainer action in the justice court. The justice court signed a judgment granting Dibs possession of the Property. Reynoso appealed the justice-court judgment to the county court at law. In the county court at law, Reynoso filed a motion to dismiss the suit.
In her motion to dismiss, Reynoso asserted that (1) Reynoso had sued Wells Fargo in the district court asserting various claims including wrongful foreclosure; (2) the Clause violates Reynoso's due process rights under the Texas Constitution and the United States Constitution because the provision allows the purchaser of the Property at a foreclosure sale to bring a forcible-detainer action in the justice court even though a district court has jurisdiction over Reynoso's claim that Wells Fargo wrongfully foreclosed on the Property; and (3) the issue of possession is intertwined with the issue of title to the Property and therefore the district court has exclusive jurisdiction and the county court at law has no jurisdiction over this forcible-detainer action. The county court at law signed an order denying Reynoso's motion to dismiss. After a trial de novo, the county court at law signed a final judgment granting Dibs possession of the Property.
Reynoso now appeals the judgment, asserting, among other things, that (1) the lower courts lacked jurisdiction over the forcible-detainer action; (2) the Clause violates her due process rights; (3) the county court at law's enforcement of the Clause violated her right to due process of law; and (4) the statutory scheme granting the justice court jurisdiction over this forcible-detainer action violates due process of law.
II. ANALYSIS
Reynoso obtained an adverse ruling from the county court at law on her motion to dismiss, in which she raised various jurisdictional and constitutional issues, and we presume for the sake of argument that she preserved error thereby as to all of her non-jurisdictional appellate issues. Reynoso did not need to preserve error on her challenges to the justice court's subject-matter jurisdiction because parties may not waive challenges to subject-matter jurisdiction and may raise them for the first time on appeal. See Tex. Ass'n of Bus. v. Tex. Air Control Bd. , 852 S.W.2d 440, 445 (Tex. 1993). Subject-matter jurisdiction is a question of law that we review de novo. Graber v. Fuqua , 279 S.W.3d 608, 631 (Tex. 2009).
A. Alleged lack of jurisdiction in the justice court
Under her first, second, and fifth issues, Reynoso asserts that the justice court lacked jurisdiction over the forcible-detainer action because the possession issue is intertwined with the issue of title to the Property.
*337 The justice court of the precinct where the Property is located has subject-matter jurisdiction to hear a forcible-detainer action relating to the Property. See Tex. Prop. Code Ann. § 24.004 (West, Westlaw through 2017 1st C. S.); Maxwell v. U.S. Bank Nat. Ass'n , No. 14-12-00209-CV, 2013 WL 3580621, at *2 (Tex. App.-Houston [14th Dist.] Jul. 11, 2013, pet. dism'd w.o.j.) (mem. op.). The county court at law has jurisdiction over an appeal of the justice-court judgment in a forcible-detainer action. Maxwell , 2013 WL 3580621, at *2. Both the justice court and the county court at law lack jurisdiction to resolve title disputes. Id. Because they lack jurisdiction to resolve title disputes, the justice court and county court at law determine possession, and only possession, in forcible-detainer actions and appeals. See Glapion v. AH4R I TX, LLC , No. 14-13-00705-CV, 2014 WL 2158161, at *1 (Tex. App.-Houston [14th Dist.] May 22, 2014, no pet.) (mem. op.).
When the justice court cannot determine the right to possession without resolving a title dispute, neither the justice court nor any court hearing an appeal from the justice-court judgment has jurisdiction. See Maxwell , 2013 WL 3580621, at *2. The justice court, and the county court of law on appeal, lack jurisdiction over a forcible-detainer action if the question of title is so intertwined with the issue of possession that possession cannot be adjudicated without first determining title. Id. When there is a basis for determining immediate possession independent from title, the justice court will have jurisdiction to hear the forcible-detainer action. See Hossain v. Fed. Nat'l Mortg. Ass'n , No. 14-15-00273-CV, 2015 WL 3751548, at *2 (Tex. App.-Houston [14th Dist.] Jun. 16, 2015, pet. dism'd w.o.j.) (mem. op.). If the deed of trust contains a provision that in the event of a foreclosure sale, the grantor in the deed of trust will become a tenant at sufferance, then the trial court can resolve possession without resort to title. See itation index="10" url="https://cite.case.law/citations/?q=2015%20WL%203751548">id.
In her appellate brief, Reynoso asserts that she filed suit against Wells Fargo in the Harris County district court, asserting various claims, including a claim for wrongful foreclosure, and the suit was removed to federal district court. The Deed of Trust (which Reynoso signed) contains the Clause, under which Reynoso agrees:
If Lender acts to have the Property sold after a Breach of Duty as defined in Paragraph 28, I understand and agree that: (A) my right to occupy the Property ceases at the time the Property is sold; (B) I shall have no right to occupy the Property without written consent of the new owner of the Property ...
The defining characteristic of a tenancy at sufferance is the lack of the owner's consent to the tenant's continued possession of the premises. See Coinmach Corp. v. Aspenwood Apartment Corp. , 417 S.W.3d 909, 915-16 (Tex. 2013). Tenants at sufferance remain in possession of the property without the owner's consent after their right to occupy the property has ended. See ids="7261687" index="12" url="https://cite.case.law/sw3d/417/909/#p915">id. Under the unambiguous language of the Deed of Trust, Reynoso agreed to surrender possession of the Property after a foreclosure sale of the Property, even if Reynoso asserts that the foreclosure sale is wrongful and files suit asking a court to set aside the foreclosure sale. See Hossain , 2015 WL 3751548, at *2-3. If a deed of trust provides that in the event of foreclosure, the grantor in the deed of trust will become a tenant at sufferance if the grantor does not surrender possession, the trial court can resolve possession without resort to title. See Hossain , 2015 WL 3751548, at *2. In such cases, the need to introduce the deed of trust to prove the landlord-tenant relationship does not affect the justice *338 (or county) court's jurisdiction because the validity of the title is not in issue. See index="15" url="https://cite.case.law/citations/?q=2015%20WL%203751548">id. The tenancy-at-sufferance status suffices as a basis for the forcible-detainer action even though the foreclosure sale later might be set aside for wrongful foreclosure or other reasons. See id. *2-3.
Dibs was the highest bidder at the foreclosure sale, and the substitute trustee signed a Substitute Trustee's Deed purporting to convey the Property to Dibs. Under the Clause, Reynoso agreed that following such a sale, she would have no right to occupy the Property without Dibs's written consent. Reynoso does not assert that Dibs gave written consent for Reynoso to occupy the Property, nor does the record contain any evidence that Dibs did so. Under the facts reflected in this record, the issue of possession may be determined without determining title. See id. Thus, the justice court and the county court at law on appeal had subject matter jurisdiction over the forcible-detainer action, and this court has jurisdiction over the appeal. See id.
B. Alleged violation of substantive and procedural due process
Under her first, second, and fifth issues, Reynoso asserts that, if the justice court did have jurisdiction, this jurisdiction violated substantive and procedural due process under the United States Constitution and substantive and procedural due course of law under the Texas Constitution because jurisdiction is based on the Clause, and (1) the Clause is an "unbargained for" provision that was not disclosed to Reynoso and to which Reynoso did not agree; (2) the Clause deprives Reynoso of her right to litigate possession in the district court, along with her wrongful-foreclosure and other claims; and (3) allowing Dibs to litigate possession and obtain possession of the Property from Reynoso before Reynoso's challenges to the validity of the foreclosure sale are resolved violates due process. Under her fifth issue, Reynoso asserts that Texas Property Code section 24.002, governing forcible-detainer actions, does not provide for determination of issues relating to a homeowner's right to possession of the real property following foreclosure of a lien in the property in a meaningful manner or at a meaningful time. Therefore, according to Reynoso, this statute violates Reynoso's right to procedural due process under the Due Process Clause of the Fourteenth Amendment to the United States Constitution and Reynoso's right to procedural due course of law under the Texas Constitution. See U.S. Const. amend. XIV, § 1 ; Tex. Const. art. I, § 19.
Reynoso has not briefed any argument that any due-course-of-law analysis differs from the due process analysis as to the same complaint, so we presume without deciding that the due-course-of-law analysis under the Texas Constitution mirrors the due process analysis under the United States Constitution. See Chair King, Inc. v. GTE Mobilnet of Houston, Inc. , 135 S.W.3d 365, 385 (Tex. App.-Houston [14th Dist.] 2004), rev'd on other grounds , 184 S.W.3d 707 (Tex. 2006). Under the Due Process Clause of the Fourteenth Amendment, no State shall "deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1. The Supreme Court of the United States has determined that this provision has both procedural and substantive components. See, e.g., Daniels v. Williams, 474 U.S. 327, 331, 106 S.Ct. 662, 665, 88 L.Ed.2d 662 (1986).
1. Substantive Due Process Principles
A violation of substantive due process occurs when the government deprives individuals of constitutionally protected rights by an arbitrary use of power.
*339 Montrose Mgmt. Dist. v. 1620 Hawthorne, Ltd. , 435 S.W.3d 393, 409 (Tex. App.-Houston [14th Dist.] 2014, pet. denied). Substantive due process can apply to a legislative act or to certain types of non-legislative state action. Gatesco Q.M. Ltd. v. City of Houston , 503 S.W.3d 607, 618 (Tex. App.-Houston [14th Dist.] 2016, no pet.). A plaintiff challenging a statute or state action must shoulder the burden to prove a violation of substantive due process. Id. We presume statutes are constitutional. See Patel v. Tex. Dept. of Licensing and Regulation , 469 S.W.3d 69, 87 (Tex. 2015) ; Spring Branch I.S.D. v. Stamos , 695 S.W.2d 556, 558 (Tex. 1985). Similarly, we presume a state actor acted in a constitutional manner. Gatesco Q.M. Ltd. , 503 S.W.3d at 618. When neither a suspect classification nor a fundamental right is involved, we review statutes and actions of state actors under the deferential rational-basis test. See In re Estate of Touring , 775 S.W.2d 39, 42 (Tex. App.-Houston [14th Dist.] 1989, no pet.) ; Gatesco Q.M. Ltd. , 503 S.W.3d at 618. Under this test, the claimant must prove that it is not at least "fairly debatable" that the statute or conduct rationally relates to a legitimate governmental interest. In re Estate of Touring , 775 S.W.2d at 42 ; Gatesco Q.M. Ltd. , 503 S.W.3d at 618.
2. Procedural Due Process Principles
The Fourteenth Amendment's Due Process Clause provides that an individual may not be deprived of certain substantive rights-life, liberty, and property-without constitutionally adequate procedures. Bexar Cnty. Sheriff's Civil Serv. Com'n v. Davis , 802 S.W.2d 659, 661 (Tex. 1990). Procedural due process rules are meant to protect persons not from the deprivation, but from the mistaken or unjustified deprivation of life, liberty, or property. Carey v. Piphus , 435 U.S. 247, 260, 98 S.Ct. 1042, 1050, 55 L.Ed.2d 252 (1978). If an individual is deprived of a vested property right, the government must afford an appropriate and meaningful opportunity to be heard to comport with procedural due process. Mayhew v. Town of Sunnyvale , 964 S.W.2d 922, 939 (Tex. 1998). Due process requires notice and an opportunity to be heard at a meaningful time and in a meaningful manner with respect to a decision affecting an individual's property rights. Tex. Workers' Comp. Com'n v. Patient Advocates of Texas , 136 S.W.3d 643, 658 (Tex. 2004) ; City of Houston v. Carlson , 393 S.W.3d 350, 357 (Tex. App.-Houston [14th Dist.] 2012, no pet.).
3. "Unbargained for" Provision
Reynoso asserts that the Clause violates due process and contract law because it is an "unbargained for" provision that allegedly was not disclosed to her.
i. Violations of the Due Process Clause require State action.
Due process protections guaranteed by the Fourteenth Amendment "do not extend to private conduct abridging individual rights." Nat'l Collegiate Athletic Ass'n v. Tarkanian , 488 U.S. 179, 191, 109 S.Ct. 454, 461, 102 L.Ed.2d 469 (1988) ; Kennedy v. Turner Indus. Grp., LLC , No. 14-09-00377-CV, 2010 WL 1541638, at *4 (Tex. App.-Houston [14th Dist.] Apr. 20, 2010, pet. denied) (mem. op.). The Fourteenth Amendment prohibits only such action that fairly may be said to be that of the one of the states. Blum v. Yaretsky , 457 U.S. 991, 1003, 102 S.Ct. 2777, 2785, 73 L.Ed.2d 534 (1982). An action is fairly attributed to a state if there is a sufficiently close nexus between the state and the challenged action so that the action may be treated as an action of the state. Jackson v. Metro. Edison Co. , 419 U.S. 345, 350, 95 S.Ct. 449, 453, 42 L.Ed.2d 477 (1974).
*340 Reynoso's execution of the Deed of Trust and her agreement to its terms does not involve state action, so the Clause, in and of itself, does not violate the Due Process Clause. See Jackson , 419 U.S. at 358, 95 S.Ct. at 457 ; Li v. Univ. of Texas Health Science Ctr. at Houston , 984 S.W.2d 647, 653 (Tex. App.-Houston [14th Dist.] 1998, pet. denied) (holding that summary judgment was proper in favor of a private professional association in suit alleging denial of due process because nothing in the record indicated the state actor's decision could be attributed to the professional association). The use of the provision by the justice court or the county court at law as a basis for jurisdiction over the forcible-detainer action, however, is state action sufficient to trigger due process protections. See Cohen v. Cowles Media Co. , 501 U.S. 663, 668, 111 S.Ct. 2513, 2518, 115 L.Ed.2d 586 (1991).
ii. We presume Reynoso agreed to the contract she signed.
The record does not contain any evidence as to Reynoso's awareness of the Clause when she signed the Deed of Trust. Even presuming that Reynoso did not read the Deed of Trust before placing her signature on it and that nobody pointed out the Clause to Reynoso or explained it to her, as Reynoso suggests on appeal, there is no question that Reynoso signed the Deed of Trust containing the Clause.
The law presumes that a party who signs a contract knows its contents. See Nat'l Prop. Holdings, L.P. v. Westergren , 453 S.W.3d 419, 423-24 (Tex. 2015). When a party signs an instrument after having an opportunity to read it, the law presumes that the party knows and accepts all of the instrument's terms, even if the party chose not to read the instrument. See ids="6889100" index="55" url="https://cite.case.law/sw3d/453/419/#p423">id. One who signs an instrument without reading it can avoid this presumption under a narrow "trick or artifice" exception by showing that the signing party was prevented by a fraudulent trick or artifice from reading the instrument or having the instrument read to the signing party. See id. at 425 (disagreeing with lower court's conclusion that a "trick or artifice" prevented the plaintiff from reading the instrument before signing it in case in which the evidence showed that the signing party had an opportunity to read the instrument or have it read to him but instead chose to rely upon oral representations regarding the contents of the instrument); Harvey v. Elder, 191 S.W.2d 686, 689 (Tex. App.-San Antonio 1945, writ ref'd) (holding that doctor's oral representation that document was a receipt and his failure to disclose that it contained releases of the patient's claims, as a matter of law, did not constitute a "trick or artifice" which prevented the patient from reading the release before signing it); Kehoe v. Pollack , 526 S.W.3d 781, 793-96 (Tex. App.-Houston [14th Dist.] 2017, no pet.) (holding that court would presume that party knew and accepted all of the terms of the documents signed by the party because the party did not allege or prove that the party was prevented by a fraudulent trick or artifice from reading the documents or having the documents read to her). Reynoso has not alleged that a fraudulent trick or artifice prevented her from reading the Deed of Trust or from having the Deed of Trust read to her, nor has Reynoso presented any evidence supporting such an allegation. Therefore, we presume that Reynoso knew and accepted all of the terms of the Deed of Trust, including the Clause. See Nat'l Prop. Holdings, L.P. , 453 S.W.3d at 423-24 ; Kehoe , 526 S.W.3d at 793-96.
Reynoso has not argued that any conspicuousness requirement applies to tenancy-at-sufferance clauses. See *341 Dresser Indus. v. Page Petroleum , 853 S.W.2d 505, 508-09 (Tex. 1993) (noting that the Supreme Court of Texas imposes a conspicuousness requirement on provisions of a release or indemnity agreement in which the parties agree to shift the risk for one party's negligence to another party). Our research has revealed no statute or case imposing such a requirement, and our court has enforced tenancy-at-sufferance clauses without imposing such a requirement. See Hossain , 2015 WL 3751548, at *2 ; Glapion , 2014 WL 2158161, at *1. We decline to impose a conspicuousness requirement on the use of the Clause in the Deed of Trust.
We presume Reynoso knew and accepted the contents of the Deed of Trust she signed, including the Clause. See Westergren , 453 S.W.3d at 423-24. The Clause is not an "unbargained for" provision. See ids="6889100" index="65" url="https://cite.case.law/sw3d/453/419/#p423">id. Accordingly, the application of the Clause as a basis for subject-matter jurisdiction cannot violate the Due Process Clause on the basis that the Clause is an "unbargained for" provision.
4. Texas Property Code section 24.002
Under her fifth issue, Reynoso asserts that Property Code section 24.002 does not provide for determination of issues relating to a homeowner's right to possession of the real property following foreclosure of a lien on the property in a meaningful manner or at a meaningful time. Therefore, Reynoso asserts, this statute violates Reynoso's right to procedural due process under the Due Process Clause. And, Reynoso asserts that strict scrutiny applies to this analysis. Reynoso argues that the expedited procedure under section 24.002 removes homeowners who challenge the validity of the foreclosure sale from their homes quickly before they have time to obtain relief on their claims challenging the validity of the foreclosure sale.
Texas Property Code section 24.002, entitled "Forcible Detainer," provides:
(a) A person who refuses to surrender possession of real property on demand commits a forcible detainer if the person:
(1) is a tenant or a subtenant wilfully and without force holding over after the termination of the tenant's right of possession;
(2) is a tenant at will or by sufferance, including an occupant at the time of foreclosure of a lien superior to the tenant's lease; or
(3) is a tenant of a person who acquired possession by forcible entry.
(b) The demand for possession must be made in writing by a person entitled to possession of the property and must comply with the requirements for notice to vacate under Section 24.005.
Tex. Prop. Code Ann. § 24.002 (West, Westlaw through 2017 1st C.S.). Under section 24.002, a person who refuses to surrender possession of real property on demand commits a forcible detainer if the person is a tenant at sufferance, including an occupant at the time of the foreclosure of a lien superior to the tenant's lease. Federal Home Loan Mortg. Corp. v. Pham , 449 S.W.3d 230, 233 (Tex. App.-Houston [14th Dist.] 2014, no pet.). Section 24.002 provides that a landlord must make a written demand for possession and comply with the requirements of section 24.005, which governs the notice to vacate before filing the eviction suit. Id.
Reynoso had vested property rights in her home. See Carlson , 393 S.W.3d at 358. If an individual is deprived of a vested property right, the government must afford an appropriate and meaningful opportunity to be heard to comport with procedural due process.
*342 Mayhew , 964 S.W.2d at 939. Due process requires notice and an opportunity to be heard at a meaningful time and in a meaningful manner with respect to a decision affecting an individual's property rights. Tex. Workers' Comp. Com'n , 136 S.W.3d at 658. Nonetheless, the Due Process Clause does not dictate to states how they should structure their court systems, nor does the Due Process Clause provide a right to be heard in a particular state court. See Mitchell v. W.T. Grant Co. , 416 U.S. 600, 610, 94 S.Ct. 1895, 1901, 40 L.Ed.2d 406 (1974).
We already have explained that by signing the Deed of Trust containing the Clause, Reynoso accepted its terms. By that act, Reynoso agreed that she would be a tenant at sufferance of the purchaser of the Property at the foreclosure sale. Under Property Code section 24.002, this status allowed the justice court and the county court at law to decide who had the superior right to possession of the Property in a forcible-detainer action. See Tex. Prop. Code Ann. § 24.002 ; Hossain , 2015 WL 3751548, at *2-3. Reynoso does not argue that Dibs failed to establish its superior right to possession in either the justice court or in the county court at law. We conclude that the statute provides for, and Reynoso received, adequate notice and an opportunity to be heard at a meaningful time and in a meaningful manner with respect to the decision as to who has the superior right to possess the Property after the foreclosure sale. See Tex. Prop. Code Ann. § 24.002 ; Tex. Workers' Comp. Com'n , 136 S.W.3d at 658 ; Coleman v. JP Morgan Chase Bank, N.A. , No. G-06-0689, 2007 WL 656170, at *1 (S.D. Tex. Feb. 27, 2007) (holding that Property Code section 24.002 does not violate the procedural due process protections of the Due Process Clause).
Reynoso had the opportunity to fully litigate the issue of possession in the justice court and in the county court at law. Reynoso does not assert that either of those courts came to the wrong conclusion about the superior right of possession. Reynoso has not carried her burden to show that Property Code section 24.002 violates the procedural due process protection of the Due Process Clause. See Coleman, 2007 WL 656170, at *1 ; Tex. Workers' Comp. Com'n , 136 S.W.3d at 658 ; Carlson , 393 S.W.3d at 357. Because we presume without deciding that the due-course-of-law analysis under the Texas Constitution is the same as the due process analysis under the United States Constitution, Reynoso also has not carried her burden to show that Property Code section 24.002 violates the procedural protections under the due-course-of-law provision of the Texas Constitution. See Chair King, Inc. , 135 S.W.3d at 385.
5. Alleged Right to Litigate Possession Issue in State District Court or to Litigate Possession at Same Time as Title
Reynoso next asserts that the Clause violates her right to litigate possession in the district court, along with her wrongful-foreclosure and other claims. Reynoso suggests that justice courts should not have jurisdiction over forcible-detainer cases when the occupant has asserted a wrongful-foreclosure claim (or other claims) against the lender in district court and those claims are pending. She argues that Texas's statutory scheme allows successful bidders at foreclosure sales, like Dibs, to speedily litigate the right to possession and to eject the homeowner from the property following the foreclosure sale before the homeowner is able to fully litigate challenges to the validity of the foreclosure sale. Reynoso also suggests there should be a procedure to stay the eviction until the foreclosure challenge is resolved.
*343 Reynoso argues that courts should apply strict scrutiny because property ownership is a fundamental right. In support of this argument, Reynoso cites Lindsey v. Normet , a case in which the Supreme Court of the United States held that a rational-basis test applied to a constitutional challenge to an Oregon forcible-detainer statute. See 405 U.S. 56, 92 S.Ct. 862, 31 L.Ed.2d 36 (1972). The court noted "the importance of decent, safe, and sanitary housing," but explained that "the Constitution does not provide judicial remedies for every social and economic ill." Id. The Supreme Court rejected the claim that shelter and the right to retain possession of one's home are fundamental interests protected in the Constitution. Id. Because the case implicates neither a suspect classification nor fundamental rights, we review the governmental action enforcing the Clause and section 24.002 using the deferential rational-basis test. See Gatesco Q.M. Ltd. , 503 S.W.3d at 618.
Balancing the interests of creditors, debtors, and successful bidders at foreclosure sales, the Texas Legislature had a rational basis for structuring a statutory scheme that would allow speedy litigation of the issue of possession of the property in a forcible-detainer action in the justice court, while providing that title, including issues as to the validity of the foreclosure sale, be litigated in district court. See Mitchell , 416 U.S. at 604-05, 94 S.Ct. at 1899. Reynoso asserts that the statute is not narrowly tailored to best achieve the State's controlling interest in balancing the rights among homeowners, lenders, and bona fide purchasers. But, because the statute is subject to a rational-basis review, rather than strict scrutiny, the requisite inquiry is not as demanding. We need only conclude that it is "fairly debatable" that the statutory scheme rationally relates to a legitimate governmental interest for the scheme to satisfy substantive due process. See Gatesco Q.M. Ltd. , 503 S.W.3d at 618. Because the statutory scheme does not need to be narrowly tailored to serve the State's controlling interest, we need not determine whether Reynoso is correct in arguing that there is a better way for the State to achieve its interests. See Gatesco Q.M. Ltd. , 503 S.W.3d at 618 ; In re Estate of Touring , 775 S.W.2d at 42.
Reynoso argues that she has a right to litigate possession in district court at the same time she litigates her challenges to the validity of the foreclosure sale, including her wrongful-foreclosure claims. Enforcement of the Clause as a basis for justice-court jurisdiction over a forcible-detainer action does not violate substantive due process based on Reynoso's right to litigate possession issues in the state district court, along with her challenges to the foreclosure sale, because Reynoso has no right under the Due Process Clause to litigate these issues together or in the state district court. See Mitchell , 416 U.S. at 610, 94 S.Ct. at 1901. As noted above, the Due Process Clause of the Fourteenth Amendment does not dictate to states how they should structure their court systems, nor does it provide a right to be heard in a particular state court. See ids="84376" index="97" url="https://cite.case.law/us/416/600/#p610">id.[1] Reynoso has not overcome the presumption that the Texas statutory scheme for forcible-detainer actions is constitutional, nor has she shown that it is not at least "fairly debatable" that the statutory scheme rationally relates to a legitimate governmental interest. See *344 In re Estate of Touring , 775 S.W.2d at 42-44 ; Gatesco Q.M. Ltd. , 503 S.W.3d at 618. Reynoso has not shown that this statutory scheme violates her substantive due process rights.[2] See In re Estate of Touring , 775 S.W.2d at 42-44 ; Gatesco Q.M. Ltd. , 503 S.W.3d at 618. Because we presume without deciding that the due-course-of-law analysis under the Texas Constitution mirrors the due process analysis under the United States Constitution, Reynoso also has not shown that this statutory scheme violates her substantive due-course-of-law rights under the Texas Constitution. See Chair King, Inc. , 135 S.W.3d at 385.
C. Claims waived due to inadequate briefing
At times in her appellate briefing, Reynoso mentions in passing three arguments: (1) the Clause goes against public policy, (2) Texas eviction laws violate equal protection of the law because they protect the mortgagee but do not protect the mortgagor; and (3) Texas eviction laws are not narrowly tailored to achieve the state's controlling interest and there is a better way to provide equal protection for homeowners' property rights after a foreclosure sale. Adequate appellate briefing entails more than mentioning arguments in passing. An appellant's brief must contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record. Tex. R. App. P. 38.1(h) ; San Saba Energy, L.P. v. Crawford , 171 S.W.3d 323, 338 (Tex. App.-Houston [14th Dist.] 2005, no pet.). We interpret this requirement reasonably and liberally. Republic Underwriters Ins. Co. v. Mex-Tex, Inc. , 150 S.W.3d 423, 427 (Tex. 2004). Yet, we enforce the briefing rules, and they require the appellant to put forth some specific argument and analysis showing that the record and law supports the appellant's contentions. See Deutsch v. Hoover, Bax & Slovacek, L.L.P. , 97 S.W.3d 179, 198-99 (Tex. App.-Houston [14th Dist.] 2002, no pet.). Although Reynoso mentions in passing that the Clause is contrary to public policy and that Texas eviction laws violate equal protection, Reynoso has not complied with the briefing rules to adequately brief these arguments. See San Saba Energy, L.P. , 171 S.W.3d at 338. To the extent Reynoso asserts these arguments on appeal, she has waived them due to inadequate briefing. See ids="8922420" index="107" url="https://cite.case.law/sw3d/171/323/#p338">id.
III. CONCLUSION
The justice court had jurisdiction over the forcible-detainer action because the justice court could determine the right to possession without resolving issues of title. Reynoso has not met her burden to prove the alleged due process violations that she has briefed, and she has waived any complaints as to the others by failing to adequately brief them. Having concluded that none of the appellate issues Reynoso has raised affords her any basis for appellate relief, we overrule Reynoso's issues and affirm the county court at law's judgment.

Indeed, according to Reynoso, after she sought to litigate her claims against Wells Fargo and her challenges to the validity of the foreclosure sale in state district court, these claims were removed to federal district court, and therefore, even these claims may not be determined in state district court, as Reynoso would prefer.

We concluded in the previous section that this statutory scheme does not violate Reynoso's right to procedural due process.