**Motion for Rehearing Denied and Supplemental and Concurring Supplemental Opinions on Rehearing filed June 14, 2022.**



**In The**

# Fourteenth Court of Appeals

### NO. 14-20-00312-CV

## MEDSTAR FUNDING, LC, Appellant

### V.

## FRODE WILLUMSEN, DONAL HUGHS MCROBERTS, WILLUMSEN LAW FIRM, P.C., Appellees

**On Appeal from the 295th District Court
Harris County, Texas
Trial Court Cause No. 2017-23189A**

### SUPPLEMENTAL OPINION ON REHEARING

After this court issued its majority opinion and judgment deciding the appeal,[1] appellant MedStar Funding, LC filed a motion for rehearing. In the motion, MedStar contended the majority's opinion was wrong for construing MedStar's appellate issue as one challenging only the summary-judgment

---

[1] *See MedStar Funding, LC v. Willumsen*, ---S.W.3d---, 2022 WL 1151145 (Tex. App.—Houston [14th Dist.] Apr. 19, 2022, no pet. h.).

dismissal of its breach-of-contract claim based on appellees' attorney-immunity affirmative defense. We held that MedStar had not timely pleaded a breach-of-contract claim and thus we had no basis to reverse the summary judgment based on MedStar's appellate argument that attorney immunity does not apply to a breach-of-contract claim. *See id.* at *3-4.

According to MedStar's motion for rehearing, however, the appellate issues it raised and briefed were broader: MedStar says it "challenged the dismissal of every claim at issue in this litigation" and "challenged the legal sufficiency of the evidence supporting [the Law Firm's] attorney immunity defense." We deny MedStar's motion for rehearing and issue this supplemental opinion to clarify our decision.

On November 30, 2020, MedStar filed its appellant's brief. In that brief, MedStar asserted a single issue: "Whether the district court erred in holding that 'attorney immunity' absolves attorney-signatories to 'letters of protection' from fulfilling their promise to ensure payment of medical bills for treatment received by the attorneys' personal injury clients?" MedStar characterized the nature of the case as one of "breach of contract." MedStar's prayer similarly posited that "[t]his is a simple case about honoring a promise made to facilitate the provision of medical treatment to [the Law Firm's] client in furtherance of her personal injury lawsuit. Texas law demands that [the Law Firm] be held to its agreement; the district court's order permitting [the Law Firm] to shirk [its] obligations should be reversed." Thus, in its original appellant's brief, MedStar presented its cause of action as one for breach of contract and presented its appellate argument for reversal as grounded on the premise that attorney immunity does not apply to a breach-of-contract claim. As we have explained, exhaustively, MedStar did not timely assert a breach-of-contract claim against the Law Firm defendants and did

not seek or obtain leave of court to assert such a claim in a post-summary-judgment-hearing amended petition. On appeal, MedStar did not mention its pleaded claims in its brief, other than in the statement of facts as a recitation of the claims asserted.

On October 14, 2021, we submitted the case on oral argument. At argument, MedStar's counsel (who had not signed the opening brief) argued that MedStar's stance was *not* just that the Law Firm's attorney-immunity defense did not apply to a breach-of-contract claim but also, more generally, that the Law Firm failed to conclusively prove its defense at summary judgment.

On October 18, 2021, MedStar moved to file an amended brief. The motion was titled "Appellant's Motion for Leave to Amend Brief to Address Impact of Supreme Court Authority Issued After Traditional Appellate Briefing Was Complete." MedStar's stated reason for amendment was "to address the impact of" two supreme court cases, *Haynes & Boone, LLP v. NFTD, LLC f/k/a Bernardo Group*, 631 S.W.3d 35 (Tex. 2021), and *Landry's, Inc. v. Animal Legal Defense Fund*, 631 S.W.3d 40 (Tex. 2021), which dealt with attorney immunity. MedStar represented that it made two changes to case citations and added a new Section III.D, which "discusses and analyzes the supreme court's [opinions]."

On October 28, 2021, we granted MedStar's motion to amend and MedStar's amended brief was deemed filed on the same date.

In MedStar's amended brief, the nature of the case, the issue presented, the first three sections of the argument, and the prayer remained identical to the opening brief, all of which focused on the inapplicability of an attorney-immunity defense to a breach-of-contract claim. But in the new Section III.D, MedStar summarized *Bernardo Group* and *Landry's* and then asserted, "The record confirms that Willumsen failed to conclusively establish either element in its

traditional motion for summary judgment." The quoted sentence was not included in MedStar's original appellant's brief.

MedStar contends in its motion for rehearing that it fairly presented the question whether the Law Firm met its summary-judgment burden on MedStar's pleaded claims in its issue presented section of the amended brief and in the section discussing the supreme court authority (based on the above-quoted sentence). We are unpersuaded.

The issue presented in the amended brief, quoted above, does not challenge in general terms the sufficiency of the Law Firm's evidence and, instead, like the original brief, cabins MedStar's complaint to whether attorney immunity "absolves" an attorney's failure to fulfill a "promise to ensure payment of medical bills." As we stated in the majority opinion, this argument is premised on an unpleaded breach-of-contract claim and thus presents no basis for reversing the trial court's summary judgment.[2]

Moreover, we did not grant MedStar leave to file an amended brief so that MedStar could assert new issues, nor did MedStar state that it desired to assert new issues as a reason for seeking leave.[3] This court previously has stated that we "'rarely, if ever,'" address issues raised for the first time in amended or supplemental briefs because allowing new issues to be raised outside the prescribed period for filing briefs "'would, in turn, require allowing additional opposing briefs to respond to the new points of error and thereby potentially extend

---

[2] An appellate court generally may not reverse a trial court's judgment without properly assigned error. *See Cent. Educ. Agency v. Burke*, 711 S.W.2d 7, 8 (Tex. 1986) (per curiam).

[3] In fact, MedStar stated in its motion to amend that its amendment "raise[d] no new issue" because, according to MedStar, it "repeatedly asserted in this appeal that [the Law Firm] failed to establish [it was] entitled to summary judgment." As previously explained, MedStar's position is belied by its prior briefing. *See MedStar*, 2022 WL 1151145, at *5.

indefinitely the period in which such briefs could continue to be filed.'" *ERC Midstream LLC v. Am. Midstream Partners, LP*, 497 S.W.3d 99, 108 (Tex. App.— Houston [14th Dist.] 2016, no pet.) (quoting *Bowles v. State*, No. 14-99-01396-CR, 2001 WL 1047026, at *1 n.2 (Tex. App.—Houston [14th Dist.] Sept. 13, 2001, pet. ref'd) (mem. op., not designated for publication)). Rather, we granted MedStar leave to amend its brief for the reason it requested: to provide this court with recent supreme court authority.[4]

In any event, the substance of MedStar's amended brief is inadequate to helpfully address the issue it did not ask to address in its motion for leave but now belatedly contends it did address in its amended brief. Not only does "[a]dequate appellate briefing entail[] more than mentioning arguments in passing,"[5] but MedStar's amended brief did not substantively discuss the pleaded claims or explain why attorney immunity could or could not apply to such claims. Rather, even in the new Section III.D, MedStar contended that the Law Firm had not established the two elements of attorney immunity[6] because (1) MedStar was to be paid, pursuant to the letters of protection, out of Sheikh's recovery and thus MedStar's and Sheikh's interests were aligned in the underlying suit, and (2) the Law Firm's challenged conduct—failure to comply with "contractual

---

[4] *See* Tex. R. App. P. 38.7 ("A brief may be amended or supplemented whenever justice requires, on whatever reasonable terms the court may prescribe.").

[5] *Reynoso v. Dibs US, Inc.*, 541 S.W.3d 331, 344 (Tex. App.—Houston [14th Dist.] 2017, no pet.).

[6] Attorney immunity protects an attorney against a non-client's claim when:

the claim is based on conduct that (1) constitutes the provision of "legal" services involving the unique office, professional skill, training, and authority of an attorney *and* (2) the attorney engages in to fulfill the attorney's duties in representing the client within an adversarial context in which the client and the non-client do not share the same interests and therefore the non-client's reliance on the attorney's conduct is not justifiable.

*Bernardo Grp.*, 631 S.W.3d at 78 (emphasis in original).

5

obligations"—was not conduct constituting the provision of "legal" services. These arguments, just as with the parallel sections of MedStar's original brief, are fundamentally premised on MedStar's theory that attorney immunity cannot protect an attorney from a breach-of-contract claim.

MedStar did not plead a breach-of-contract claim, and nothing in MedStar's appellate briefing changes the outcome set forth in the majority opinion. We deny MedStar's motion for rehearing.

/s/    Kevin Jewell
Justice

Panel consists of Justices Wise, Jewell, and Spain. (Spain, J., concurring)